```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JULES NGAMBO,

                        Plaintiff,                23-cv-963 (AEK)

        -against-                                 DECISION AND ORDER

SOCIAL SECURITY ADMINISTRATION,

                        Defendant.
---------------------------------------------------------------X
```

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

*Pro se* Plaintiff Jules Ngambo ("Plaintiff") commenced an action against Defendant Social Security Administration ("SSA") by way of a notice of claim issued in the Town of Clarkstown Justice Court, Small Claims Part, and signed by the court clerk there on January 13, 2023. *See* ECF No. 1-1 ("Notice of Claim"). The SSA's West Nyack office received the Notice of Claim on January 22, 2023. *Id.* On February 6, 2023, the SSA removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of actions against an agency of the United States. ECF No. 1 ("Notice of Removal"). The notice of removal was timely filed. *See* 28 U.S.C. § 1446(b) (authorizing removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based").

On February 10, 2023, the SSA filed a letter motion seeking an extension of time to respond to Plaintiff's pleading so that the SSA could prepare a motion to dismiss for lack of jurisdiction and failure to state a claim. ECF No. 11. The Court granted the letter motion and set

---

[1] The parties consented to this Court's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) on February 10, 2023. ECF No. 8.

a briefing schedule for the anticipated motion to dismiss.  ECF No. 12.  Instead of filing a motion to dismiss, however, the SSA filed the instant motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure on March 13, 2023.  ECF No. 13.  Plaintiff has not responded to the motion.  For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Plaintiff's entire substantive assertion in the Notice of Claim is as follows: "TAKE NOTICE THAT Jules Ngambo, PLAINTIFF, requests judgment in this Court against you for $3000 together with costs, upon the following claim:  Non-Payment of Invoices."  Notice of Claim.[2]  In its memorandum of law in support of the motion for a more definite statement, the SSA surmises that the "Invoices" referenced in the Notice of Claim "may be related to a document [the] SSA received in June 2022, which was characterized as an invoice and demanded that [the] SSA compensate Plaintiff for time allegedly spent searching for a document (his Certificate of Naturalization) allegedly lost by [the] SSA."  ECF No. 14 ("Mem. in Supp.") at 2 (citing ECF No. 1-2).  The Notice of Claim does not attach any purported "Invoices" nor does it provide any description of the alleged "Invoices."

---

[2] In the Notice of Claim, the SSA is incorrectly identified as the "Social Security Office Information."

The SSA attached as Exhibit B to its Notice of Removal a two-page cover memorandum titled "Notice of Intent to Sue," dated June 23, 2022, along with four exhibits.[3] According to the SSA, these materials were sent by Plaintiff to the SSA before Plaintiff instituted his action in the Clarkstown Justice Court.  *See* Notice of Removal ¶ 1 & Ex. B ("Notice of Intent to Sue").  As described by the SSA in the Notice of Removal, and as reflected in the Notice of Intent to Sue documents, Plaintiff contends that in March 2022, he contacted an SSA office in West Nyack, New York to find out how to update his Social Security information and obtain a new Social Security card.  Notice of Removal ¶ 2; Notice of Intent to Sue at 1.  According to Plaintiff, he was told that he had to fill out an SS-5 form and mail the completed form, along with his original Certificate of Naturalization, to the SSA's West Nyack office.  *Id.*  Plaintiff received a new Social Security card in April 2022; as for Plaintiff's Certificate of Naturalization, the SSA maintains that it returned the original document to Plaintiff at the address he provided, but Plaintiff insists that he never received it.  Notice of Removal ¶ 3; Notice of Intent to Sue at 1.

The SSA summarizes what happened next as follows:

---

[3] The exhibits are (1) a May 11, 2022 letter to the SSA, requesting that the SSA find and return Plaintiff's original Certificate of Naturalization or obtain a new original Certificate of Naturalization at the SSA's expense; (2) a fax confirmation receipt dated May 12, 2022, presumably in connection with the transmission of the May 11, 2022 letter; (3) a June 21, 2022 letter to the SSA, titled "Notice of Intend to Sue," requesting that the SSA return Plaintiff's original Certificate of Naturalization or obtain a new original Certificate of Naturalization at the SSA's expense; and (4) a document labeled "Invoice," designating Plaintiff as the "beneficiary," addressed to the "Billing Department" of the SSA, listing the costs Plaintiff allegedly incurred in his efforts to locate his original Certificate of Naturalization.

> According to Plaintiff, he made several attempts to locate the missing Certificate [of Naturalization] including three hours spent traveling to and from the SSA['s] West Nyack office and his local Post Office, and two hours spent preparing and mailing letters to the SSA. Plaintiff submitted an invoice to [the] SSA dated June 23, 2022, seeking compensation for his lost time, charging at a rate [of] $500 per hour. In the invoice, Plaintiff also sought compensation for having to use his car to travel to and from the SSA['s] West Nyack office and the Post Office, at a rate of $0.59 [per] mile[]. In the Notice [of Intent] to Sue, Plaintiff demanded that [the] SSA pay the total invoiced amount of $2,518.14, and return the Certificate [of Naturalization]. SSA has not remitted payment . . . .

Notice of Removal ¶ 4 (internal citations omitted); *see* Notice of Intent to Sue & Exs. 1-4.

Almost seven months after sending his Notice of Intent to Sue, Plaintiff commenced his action in the Clarkstown Justice Court. *See* Notice of Claim. Critically for purposes of the current motion, none of the information set forth by the SSA in the Notice of Removal is included in the Notice of Claim.

## DISCUSSION

**I.      Legal Standard**

Rule 12(e) of the Federal Rules of Civil Procedure provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). "Courts may grant a motion for a more definite statement to balance the Second Circuit's direction that *pro se* pleadings be construed liberally with the needs of a respondent to address the claims against it." *Phipps v. City of New York*, No. 17-cv-6603 (ALC), 2019 WL 4274210, at *3 (S.D.N.Y. Sept. 10, 2019).[4] "In general, motions for a more definite

---

[4] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Plaintiff along with this Decision and Order.

statement should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.* (quotation marks omitted). "[A] [Rule] 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint." *Humpherys v. Nager*, 962 F. Supp. 347, 352-53 (E.D.N.Y. 1997); *see Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) ("Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.") (quotation marks omitted). In accordance with Rule 12(e), the party seeking the more definite statement must "point out the defects complained of and the details desired." *Pelman*, 396 F. Supp. 2d at 443 (quoting Fed. R. Civ. P. 12(e)) (quotation marks omitted).

**II.     Analysis**

Plaintiff's pleading consists of only three words—"Non-Payment of Invoices"—that were not included on the pre-printed form supplied by the Town of Clarkstown Justice Court; for this he seeks a judgment of $3,000 plus costs. *See* Notice of Claim. This "excessively vague" assertion provides no description of the "Invoices" or the underlying services for which payment allegedly is owed. In short, the pleading is bereft of any detail with respect to Plaintiff's claim for relief.

While the SSA supplied the Court with some information as part of its Notice of Removal "to provide context for the SSA's removal of the lawsuit," Mem. in Supp. at 2, this only amounts to the SSA's best guess at what Plaintiff is asserting in his pleading. Plaintiff must do more to adequately place the SSA on notice of his purported cause of action here. The SSA maintains that it cannot prepare a response "without even knowing which 'invoices' Plaintiff is referencing." *Id.* The Court agrees.

The vagueness and ambiguity of the initial filing makes it impossible for the SSA to evaluate whether it may have threshold defenses to Plaintiff's allegations.  For example, without more information, the SSA cannot properly assess whether it may be able to assert arguments regarding the Court's jurisdiction to adjudicate this claim, *see* 28 U.S.C. § 1346(a)(2), or whether there even is an enforceable agreement for the payment of money at all.

At bottom, the Notice of Claim is too vague and ambiguous to be intelligible.  The SSA is therefore entitled to relief under Rule 12(e), and Plaintiff will have to file an amended complaint that provides a more definite statement of his cause of action.  *See Akande v. U.S. Postal Serv.*, No. 12-cv-6034 (CM), 2013 WL 587204, at *3 (S.D.N.Y. Feb. 13, 2013) (granting motion pursuant to Rule 12(e), and explaining that "the Defendant is entitled to a more definite statement due to the excessive vagueness and unintelligibility of Plaintiff's Complaint," which consisted of "a mere three lines of 'excessively vague' description of the nature of the motor vehicle accident, the basis of the claim and the scope of the injuries sustained"); *see also Phipps*, 2019 WL 4274210, at *3 ("courts in this district have granted [Rule 12(e)] motions when *pro se* complaints were too convoluted, lengthy, *or otherwise too difficult to comprehend*" [emphasis added]).

## CONCLUSION

For the reasons set forth above, the SSA's motion for a more definite statement, ECF No. 14, is GRANTED.  Plaintiff must file an amended complaint, providing a more definite statement of his claim, by no later than January 3, 2024.  The amended complaint must (1) identify the invoices at issue; (2) state the basis for the SSA's alleged obligation to pay the invoices; and (3) state the basis for the damages allegedly suffered by Plaintiff.  The amended complaint will completely replace the prior pleading, *i.e.*, the Notice of Claim that was

previously filed in the Town of Clarkstown Justice Court. Accordingly, Plaintiff must include all relevant details in the amended complaint, as that will become the operative pleading in this action.

To file an amended complaint, Plaintiff must send the new pleading by email to pro_se_filing@nysd.uscourts.gov or by U.S. Mail to

>    Clerk of Court
>    Hon. Charles L. Brieant Jr.
>    Federal Building and Courthouse
>    300 Quarropas Street
>    White Plains, NY 10601

Plaintiff is hereby notified that Rule 12(e) of the Federal Rules of Civil Procedure provides as follows: "If the court orders a more definite statement and the order is not obeyed within . . . the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

Dated: November 30, 2023
      White Plains, New York

**SO ORDERED**.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Decision and Order has been mailed to the *pro se* Plaintiff by Chambers.